IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD JACK MILLS,                 Civ. No. 03-1227-CO

       Petitioner,               ORDER

v.

JEAN HILL, Superintendent,

       Respondent.

Magistrate Judge John P. Cooney filed Findings and Recommendation on September 15, 2005 in the above entitled case. The matter is now before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the magistrate judge's report. See 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). Petitioner timely filed objections. The court has, therefore, given *de novo* review of

Judge Cooney's rulings.

The court agrees with Judge Cooney that a federal claim based on trial court error in admitting evidence of petitioner's criminal history is procedurally defaulted.

To the extent petitioner exhausted a claim that trial counsel provided ineffective assistance of counsel in failing to prevent the admission of this evidence, the PCR court's decision is entitled to deference under 28 U.S.C. § 2254(d). See Resp.'s Ex. 140 at 5-6 (¶ 5), 7 (¶ 7). In the alternative, this claim fails on the merits. The court overruled counsel's objection to admission of this evidence. State v. Mills, 958 P.2d 896, 897 (Or.App. 1998). In light of the court's ruling on the objection, counsel's decision not to move for a mistrial based on the admission of the evidence was well within the range of objectively reasonable professional conduct. Even if counsel could have prevented the admission of petitioner's criminal history, petitioner suffered no prejudice. Admission of the evidence was harmless error in light of petitioner's prior testimony on direct examination that he had two felony convictions and was on probation at the time of the assault. Id.

In ground two, petitioner asserts that trial counsel was ineffective in part for failing to properly prepare a witness and supply evidence for hearing on his motion for a new trial. Pet. at 6. To the extent this claim is exhausted (compare Resp.'s Ex.

115 at 2-3), the PCR court's decision on this claim is not entitled to deference. The PCR court's findings of fact do not account for key parts of the evidentiary record before the court, rendering the fact-finding unreasonable with respect to this claim. See Taylor v. Maddox, 366 F.3d 992, 1006-07 (9th Cir. 2004). The PCR court did not address trial counsel's affidavit evincing that counsel knew prior to the hearing on the motion for new trial that juror Capaldo worked under petitioner's brother, Bryan Mills. Resp.'s Ex. 122. This evidence indicates what counsel knew and when he knew it. It is therefore relevant to the determination of the reasonableness of counsel's performance. The court also did not discuss evidence of discipline imposed on Capaldo by Bryan Mills approximately six months prior to petitioner's trial.[1] Petitioner offered this evidence to prove what counsel would have discovered had he conducted a more thorough investigation. This evidence is relevant to the determination of whether petitioner was prejudiced by counsel's allegedly deficient performance.

Notwithstanding the foregoing, petitioner is not entitled to relief on this claim. The record does not establish that

---

[1] As Judge Cooney noted, the court referred in its memorandum of opinion to "information brought up at this hearing." F&R at 19, n. 3. The court's reference concerned what counsel may have known prior to voir dire. Resp.'s Ex. 139 at 2. Petitioner's claim concerns what counsel knew at the time of the hearing on the motion for new trial. Pet. at 6, ¶ B.

3 - ORDER

counsel's performance in preparing for the hearing on the motion for new trial was objectively unreasonable. Nothing indicates that counsel knew of the disciplinary matter prior to the hearing. Bryan Mills's hearing testimony did not raise the issue, and suggested little if any prior contact between he and Capaldo. He testified that he did not personally know Capaldo. While it would have been desirable for counsel to further investigate this employment relationship, the court holds based on the evidence of record that counsel did not provide objectively unreasonable representation in failing to discover the evidence of the prior disciplinary proceeding involving Capaldo.

The court further holds that petitioner has not proved prejudice, within the meaning of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), for counsel's failure to discover and present evidence at the hearing on the motion for new trial. The evidence counsel allegedly would have discovered indicates that Capaldo's co-worker complained to Bryan Mills on December 8, 1995 that Capaldo threw a potato at him, Mills interviewed Capaldo and found the complaint to be founded, Mills had foreman Joe Collins fill out a written warning, the warning also suspended Capaldo for one day, Mills gave Capaldo the warning and suspended her on December 9, 1995, soon thereafter Capaldo requested a transfer to swing shift, and Capaldo was very upset with Mills and did not

think she deserved a suspension. Resp.'s Exs. 122 & 123.

This evidence does not prove the type of rare connection to the litigation that would result in a high likelihood that an average person in Capaldo's position could not be impartial. See Fields v. Woodford, 309 F.3d 1095, 1105 (9th Cir. 2002). Bryan Mills did not testify at the trial. While petitioner implies that petitioner's brother's involvement in the disciplinary matter six months prior to trial gave Capaldo a reason to vote to convict, the employment relationship also provides incentive to vote to acquit. Bryan Mills's testified at the hearing on the motion for new trial that he is a foreman and that he "works all departments, all shifts." (Resp.'s Ex. 105 at 222).

Petitioner argues that Capaldo should be called to testify at an evidentiary hearing if the court does not presume bias. Petitioner maintains that he could not previously have discovered evidence of actual bias, because Oregon law prohibits contact with jurors. Oregon law provides a procedure for investigating juror fraud and misconduct. UTCR 3.120(2). Petitioner points to no evidence indicating that he attempted to avail himself of this procedure. He cannot present this evidence for the first time in

///
///
///
///

this proceeding. Holland v. Jackson, 542 U.S. 651, 652-53 (2004) (citing to 28 U.S.C. § 2254(e)(2)).

## Conclusion

Based on the foregoing, the court adopts Judge Cooney's recommendation [#43] filed September 15, 2005. The petition [#2] is denied. This proceeding is dismissed.

IT IS SO ORDERED.

DATED this 3rd day of ~~December~~ Jan, 2006

Michael R. Hogan
UNITED STATES DISTRICT JUDGE